**Date signed January 06, 2005**



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

IN RE:                                           :
                                                 :
ROBERT L. TROBAUGH            :     Case No. 04-23634PM
TERESA M. TROBAUGH          :           Chapter 13
                                                 :
          Debtors                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

## MEMORANDUM OF DECISION

Before the court is the unopposed objection to the proof of claim filed on behalf of Julian (Jerry) Lewis, former spouse of the Debtor, Teresa M. Trobaugh. The claim in issue in the amount of $34,918.01 was timely filed on August 23, 2004, as an unsecured claim without priority. Debtor concedes that $18,904.85 of the claim should be allowed as a priority claim, less any amounts previously paid by Debtor. Debtor argues that the remaining portion of the claim, consisting of college tuition contributions, should not be treated as a priority claim but should be treated under § 507(a)(7)(B) as an unsecured claim without priority.

The proof of claim is executed and filed in accordance with the Bankruptcy Rules, and therefore constitutes *prima facie* evidence of its validity and amount. Bankruptcy Rule 3001(f). The issue is raised by Debtor as to whether this claim presumably for the college tuition of a child who is no longer a minor must be considered as one being for alimony, maintenance and support. The case is governed by § 507(a)(7) of the Bankruptcy Code that provides:

>   **11 U.S.C. § 507. Priorities**
>           (a) The following expenses and claims have priority in the following
>   order:

>>(7) Seventh, allowed claims for debts to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that such debt--
>>>(A) is assigned to another entity, voluntarily, by operation of law, or otherwise; or
>>>(B) includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support.

As has been stated in the case of *In re Cameron*, 243 B.R. 117, 125 (M.D. Ala. 1999),

> The language contained in § 507(a)(7) and § 523(a)(5) is practically verbatim. "Because the language of the two sections is [virtually] identical, if the debt is non-dischargeable under section 523(a)(5) it receives priority status under section 507(a)(7)." *In re Crosby*, 229 B.R. 679, 681 (Bankr. E.D. Va. 1998); *see also Weisberg v. Abrams (In re Weisberg)*, 218 B.R. 740, 755 (Bankr. E.D. Pa. 1998); *In re Constanza*, 215 B.R. 588, 590 (Bankr. W.D. Mo. 1997). Similarly, if the debt is not of the type described in § 523(a)(5), and thus not excepted from discharge under that provision, it is not entitled to priority under § 507(a)(7). *See Costanza*, 215 B.R. at 592.

*See also In re Devine*, 1998 WL 386380, at *2 (BC E.D. Pa. 1998); L. King, 4 *Collier on Bankruptcy* § 507.09, at 507-53 (15th Ed. Rev. 2004). By far, the best discussion of this issue appears in a § 523(a)(5) case, *In re Crosby*, 229 B.R. 679 (BC E.D. Va. 1998). *See also In re Seixas*, 239 B.R. 398 (BAP 9th Cir. 1999); *In re Shaw*, 299 B.R. 107 (BC W.D. Pa. 2003).

As is pointed out in *Collier Family Law and the Bankruptcy Code*, ¶ 3.02[1][b], at 3-11 (2004), "[e]ven though a court in most states usually could not order a parent to pay child support beyond the age of majority and high school, parents can and often do contract for such support, especially for college expenses . . . . These obligations are generally enforceable under state law and are regarded as child support obligations in cases under the Bankruptcy Code. This is by far the majority rule.

Federal bankruptcy law and not state law controls whether an obligation is a nondischargeable support obligation under § 523(a)(5). "Section 523(a)(5) speaks of 'child' support, not support of a 'minor child,' and there is no doubt . . . monthly payments were for the benefit of the children regardless of their ages." *Richardson v. Edwards*, 127 F.3d 97, 100 (D.C. Cir. 1997) (citing, inter alia, *In re Sampson*, 997 F.2d 717, 721 (CA10 1993)); *In re Gianakas*, 917 F.2d 759, 762 (CA3 1990); *Sylvester v. Sylvester*, 865 F.2d 1164, 1166 (CA10 1989); *In re*

*Harrell*, 754 F.2d 902, 905 (CA11 1985). Whether or not the initial creation of the obligation would have been required under state support law is immaterial. It is obvious that the parties intended this payment to function as support. *See generally Boyle v. Donovan*, 724 F.2d 681 (CA8 1984).

      An appropriate order will be entered.

cc:
Richard S. Stolker, Esq., 110 N. Washington Street, Suite 320, Rockville, MD 20850
Anne B. Fowler, Esq., 324 East Court Avenue, Jeffersonville, IN 47130
Nancy S. Grigsby, Trustee, P.O. Box 958, Bowie, MD 20718

**End of Memorandum**